UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MOCK,

            Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

            Defendant.

Case No. C16-5438-TSZ-BAT

**REPORT AND RECOMMENDATION**

James Mock seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits, arguing that in the decision finding him not disabled, the ALJ erred in evaluating the medical evidence and failed to meet his burden of production at step five. Dkt. 12. The Commissioner agrees there was error in the decision below, but asserts that remand for further proceedings is the proper remedy. Dkt. 20. Mr. Mock asks the Court to instead remand the case for an immediate award of benefits. Dkt. 21. The Court recommends that the Commissioner's decision be **REVERSED** and the matter **REMANDED** for an award of benefits.

**BACKGROUND**

Mr. Mock is 48 years old, has completed some college, and has worked as a plumber, landscape laborer, day laborer, and delivery driver. Tr. 45, 164, 201. He applied for benefits in

REPORT AND RECOMMENDATION - 1

2013 and 2014, alleging disability as of October 27, 2012. Tr. 164, 166. After his applications were denied initially and on reconsideration, the ALJ held a hearing and, on October 28, 2014, issued a decision denying his applications. Tr. 16-28. The Appeals Council denied Mr. Mock's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that Mr. Mock had not engaged in substantial gainful activity since the alleged onset date; he had the following severe impairments: open wound of the upper limb/soft tissue injury and anxiety disorder/post-traumatic stress disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 19. The ALJ found that Mr. Mock had the residual functional capacity to perform sedentary work with various postural and environmental limitations; he could occasionally use the right upper extremity for push/pull; he could not handle with the right hand and could occasionally finger with the right hand; he could perform unskilled, simple, routine tasks; he could not have contact with the public for work tasks; he could complete work tasks in a stable work environment where goals and plans are already established; he could not perform at production-rate pace, but could perform goal-oriented work. Tr. 21-22. The ALJ found that Mr. Mock could not perform any past relevant work, but jobs existed in significant numbers in the national economy that he could perform, and that he was therefore not disabled. Tr. 26-28.

## DISCUSSION

Mr. Mock alleges that: (1) the ALJ failed to give specific and legitimate reasons for rejecting the opinion of examining psychologist Melanie Mitchell, Psy.D.; (2) the ALJ failed to properly consider the opinion of treating therapist Kathleen Terra, MA; and (3) the ALJ

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

REPORT AND RECOMMENDATION - 2

erroneously relied on vocational expert testimony that conflicted with the DOT and that identified jobs inconsistent the Mr. Mock's residual functional capacity as found by the ALJ. Dkt. 12 at 1-2.

The Commissioner concedes that there was error in the decision below and asks the Court to remand the case for further administrative proceedings.  Dkt. 20 at 1.  The Commissioner states that the ALJ should reevaluate the medical evidence and further address all medical opinions of record, and should identify any conflicts with the DOT that may exist in the vocational expert's testimony and either resolve that conflict or not rely on the jobs the vocational expert identified.  *Id.* at 2.

When a district court reverses an ALJ decision, it has discretion to either remand the case for further administrative proceedings or to remand for an award of benefits.  42 U.S.C. § 405(g); *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000).  In the typical case, where there are outstanding issues that must be resolved and it is not clear from the record that an ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate.  *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  The court will remand for an award of benefits only in rare circumstances, where additional proceedings would serve no useful purposes and the record has been fully developed.  *Id.*

The Ninth Circuit has developed a three-part credit-as true standard to determine whether a case should be remanded for an award of benefits.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  The case must satisfy each element for the court to remand for an award of benefits.  *Id.*  First, the court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014).  Second, if the ALJ has

REPORT AND RECOMMENDATION - 3

erred, the court must determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. *Id.* at 1101. And third, if there are no outstanding issues and further proceedings would not be useful, the court must determine whether, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* Courts have flexibility in applying this rule; even where the three elements are satisfied, the court may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, regarding the first element, Mr. Mock alleges that the ALJ failed to provide legally sufficient reasons for rejecting the opinion evidence from Dr. Mitchell and Ms. Terra. The Commissioner does not identify these providers by name, but concedes that the ALJ should reevaluate the medical evidence and further address all medical opinions of record. The Court finds, based on the parties' arguments and a review of the record, that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Mitchell's and Ms. Terra's opinions and that the first element is therefore satisfied.

Regarding the second element, the court must consider whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1103-04. This involves determining whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether Mr. Mock's entitlement to benefits is clear under the applicable legal rules. *Id.* The Commissioner argues that the record requires further factual development in order to determine whether Mr. Mock can perform the jobs identified by the vocational expert and to address Mr. Mock's "relatively robust" daily activities, including those

he testified to at the hearing. Dkt. 20 at 4-5.

Mr. Mock argues that remand for further proceedings to address his activities would be unwarranted because there are no unaddressed conflicts between Mr. Mock's reported activities and other information in the record, and because the ALJ questioned Mr. Mock about the activities he reported at the hearing and therefore does not need a second chance to do so. Dkt. 21 at 3-4. The Court agrees. The Commissioner has not identified, and the Court has not found, any conflicts between Mr. Mock's reports and other information in the record that the ALJ failed to address (the ALJ found that Mr. Mock's reported activities were inconsistent with Dr. Mitchell's activities, showing that the ALJ addressed this issue). And because the ALJ elicited the testimony about Mr. Mock's recent activities and had the opportunity to fully question him at the hearing, there is no reason why the ALJ should have a second chance to question Mr. Mock about these activities. The record has been fully developed as to Mr. Mock's activities. Further proceedings would not be useful in this regard.

The question of whether Mr. Mock can perform the jobs identified by the vocational expert does present unresolved factual issues, because of the conflicts between the expert's testimony and the DOT, and between the testimony and the ALJ's residual functional capacity finding.[2] However, because the ALJ erred in evaluating the medical evidence, the Court must address whether this evidence should be credited as true and, if so, whether the ALJ would be required to make a finding of disability and thus obviate the need for further proceedings to address these factual issues.

---

[2] For example, although the ALJ found that Mr. Mock could perform sedentary work, the VE testified and the ALJ found that he could work as a basket filler, a job that requires light work. Tr. 27; DOT 529.687-010. Similarly, although the ALJ found Mr. Mock could perform only unskilled, simple and routine tasks, the ALJ found that Mr. Mock could work as a surveillance system monitor, a job that requires reasoning level 3. Tr. 27; DOT 379-367-010.

REPORT AND RECOMMENDATION - 5

1    Mr. Mock argues that, if the improperly discredited evidence were credited as true, the
2 ALJ would be required to find him disabled, and further proceedings are therefore unnecessary.
3 Dkt. 21 at 5.  Where an ALJ fails to provide adequate reasons for rejecting a treating physician's
4 opinion, the Court may credit that opinion as a matter of law.  *See Lester v. Chater*, 81 F.3d 821,
5 834 (9th Cir. 1995).  However, courts retain flexibility in applying the credit as true theory.
6 *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).  Where it is not clear from the record
7 that the ALJ would be required to award benefits if the evidence were credited, the Court may
8 remand for further determinations.  *Id.*
9    The Court finds that if the opinions of Dr. Mitchell and Ms. Terra were credited as true,
10 the ALJ would be required to award benefits, making a remand for further proceedings
11 unnecessary.  Dr. Mitchell opined that Mr. Mock had severe limitations in the ability to perform
12 activities within a schedule, maintain regular attendance, and be punctual within customary
13 tolerances without special supervision, maintain appropriate behavior in a work setting, and
14 complete a normal work day and work week without interruptions from psychologically based
15 symptoms.  Tr. 510.  The vocational expert testified that a person with these limitations would be
16 unable to maintain competitive work.  Tr. 70-75.  In addition, Ms. Terra opined that Mr. Mock's
17 symptoms were sufficiently severe and pervasive that they were likely to cause unacceptable
18 disruption in work performance, including attendance, ability to concentrate and stay on task,
19 and maintenance of acceptable behaviors.  Tr. 542.  These limitations are consistent with those
20 opined by Dr. Mitchell and provide additional support for applying the credit-as-true rule.
21    As there are no outstanding issues that must be resolved, further proceedings would not
22 be useful, and the ALJ would be required to find Mr. Mock disabled if the improperly discredited
23 evidence were credited as true, remand for an award of benefits is appropriate unless the record

REPORT AND RECOMMENDATION - 6

as a whole creates serious doubt that Mr. Mock is, in fact, disabled. *Garrison*, 759 F.3d at 1020. The Court finds no reason to exercise flexibility in the credit-as-true rule, as a review of the record does not create serious doubt that Mr. Mock was disabled. The Court therefore recommends that the Commissioner's decision be reversed and this case remanded for an award of benefits.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for an award of benefits.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **January 25, 2017.** If no objections are filed, the Clerk shall note the matter as ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of January, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7